UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEE SHIVELY,

    Plaintiff,

v.

MARK KING, KIRK RAY, DR. JAMES HOWARD, VIOLA RIGGINS, MR. DERRY, SANDRA MAES, BRIAN STRICKLIN, STACY LINDAHL, AND MARIT KEY SHERRY,

    Defendants.
_____/

Case No. 4:25-cv-10115
Hon. F. Kay Behm

**OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT**

    Parnall Correctional Facility (SMT) inmate Gordon Lee Shively brings this pro se civil rights action under 42 U.S.C. § 1983 against nine individually named defendants, asserting that they acted with deliberate indifference to a cancerous tumor in his bladder. The complaint will be dismissed with respect to Defendants King, Ray, Howard, Riggins, Derry, Maes, and Sherry for Shively's failure to state a claim against them. The case will proceed against Defendants Stricklin and Lindahl.

I

    The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a Defendant if it determines that the action

1

is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

II

Shively asserts in his complaint that on June 30, 2023, while he was a prisoner at the Carson City Correctional Facility, he started experiencing blood in his urine. (Complaint, ECF No. 1, ¶ 1.) A nurse told him that it was likely kidney stones and directed Shively to drink water and take pain relievers. (*Id.* ¶¶ 2-4.)

2

Shively nevertheless continued to notice blood in his urine.  At some point he was transferred to SMT in Jackson, Michigan.  (*Id.* ¶ 6.)  In April of 2024, a non-defendant nurse at SMT ordered a CT scan.  (*Id.* ¶ 8.)  The scan was conducted at Henry Ford Allegiance Hospital, and it showed that Shively had a mass on the wall of his bladder.  (*Id.* ¶ 9.)  On June 18, 2024, a follow-up PET scan conducted at Henry Ford indicated that the mass was likely malignant.  (*Id.* ¶ 12.)  Shively saw a non-defendant urologist at Central Urological Associates that same day who ordered a cystoscopy.  (*Id.* ¶¶ 10-11.)

On August 15, 2024, Defendant Derry, an MDOC transportation officer, drove Shively to McLaren Hospital in Lansing for the procedure.  (*Id.* ¶ 13.)  There, Defendant Dr. James Howard, a private physician, performed a cystoscopy and a partial resection of the tumor.  (*Id.* ¶ 14.)  When Shively woke up after the procedure, he was immediately transported back to SMT without being given information about post-procedure care or medication.  (*Id.* ¶¶ 15-16.)

After Shively returned to SMT, he started experiencing pain from his catheter.  (*Id.* ¶¶ 17-18.)  Shively was sent to the healthcare unit.  (*Id.* ¶ 20.)  A non-defendant nurse was unable to flush the catheter because they did not have the appropriate equipment.  (*Id.* ¶ 22.)  Shively was therefore sent back to Henry Ford by Defendant NP Lindhal for treatment.  (*Id.* ¶ 23.)  There, his catheter was flushed. (*Id.* ¶¶ 24-26.)  Meanwhile, Shively had still not received any of the post-procedure medications recommended by Dr. Howard.  (*Id.* ¶¶ 27-28.)

Two days later, on August 17, 2024, Shively's catheter was again not draining. (*Id.* ¶ 29.) A non-defendant nurse at the SMT healthcare unit was able to flush the catheter by repurposing rubber tubing and syringes. (*Id.* ¶¶ 30-33.) Shively was also sent to Henry Ford where his catheter was again flushed to relieve pain. (*Id.* ¶¶ 34-38.)

On August 30, 2024, Shively was seen by another non-defendant nurse at SMT for post-surgery care. (*Id.* ¶ 41.) This nurse informed Shively that the medical notes indicated that he was supposed to have stayed at the hospital overnight following his surgery. (*Id.* ¶ 44.) Shively eventually obtained copies of medical records indicating that Dr. Howard had recommended that he stay overnight. (*Id.* ¶¶ 46-48.)

On September 17, 2024, Shively sent a kite to the SMT healthcare unit asking why he was not allowed to stay overnight at the hospital. (*Id.* ¶¶ 49-50.) Shively did not receive a response, so on September 19, 2024, he wrote a grievance complaining that Dr. Howard's post-operative care recommendations had been ignored. (*Id.* ¶ 52.) The grievance was rejected. (*Id.* ¶ 53.) Shively then received a response to his initial kite from Defendant Sticklin indicating that the healthcare unit was not obligated to follow the recommendations of the off-site provider, and that the unit itself was able to provide adequate care. (*Id.* ¶ 55.)

Shively asserts that it nevertheless took six days to finally receive his post-procedure medications, which included medications for infection, bladder spasms,

4

and to ease urges to urinate.  (*Id.* ¶¶ 58-63.)  Shively alleges that the lack of medications caused additional pain and suffering.  (*Id.* ¶ 63.)  Shively asserts that Defendant NP Lindahl had received the order for the medications on August 15, 2025, the day of the procedure.  (*Id.* ¶ 64, and Exhibit N, Page.ID.52.)

On September 27, 2024, Shively received the pathology report indicating that the tumor was a non-invasive urothelial cell carcinoma.  (*Id.* ¶ 65.)

On October 8, 2024, Shively was seen off-site by non-defendant PA Clapper at Capital Urology.  (*Id.* ¶ 66.)  Clapper recommended BCG treatment prior to having a follow-up cystoscopy.[1]  (*Id.* ¶¶ 66-69.)  The record from this appointment indicates that Clapper recommended three BCG treatments prior to a scheduled November 20, 2024, cystoscopy, but states "if for whatever reason this is not possible, then we just need to keep his cystoscopy apt in place for 11/20/24 and proceed with that procedure to determine next steps in care."  (*Id.* Exhibit, PageID.56.)

The second cystoscopy never took place.  Instead, on November 21, 2024, Shively was seen at the Oncology Department at Henry Ford by non-defendant Dr. Kudva.  Dr. Kudva expressed concern that Shively had not yet received any cancer

---

[1] As the Court understands the pleadings and attached records, the initial cystoscopy did not remove the entire tumor, so Shively required follow-up treatment.  According to the American Cancer Society website, BCG is an immunotherapy that helps the patient's own immune system attack cancer cells in the bladder.  *See* https://www.cancer.org/cancer/types/bladder-cancer/treating/intravesical-therapy.html.  Presumably, a second cystoscopy was also required to remove the remaining part of the cancerous tumor.

5

treatment since the August procedure.  (*Id.* ¶¶ 71-72.)  Dr. Kudva's progress notes indicate that he also recommended BCG treatment.  (*Id.* Exhibit, PageID.59.)

That same day, Shively kited the healthcare unit and filed a grievance regarding the failure of the healthcare unit to provide cancer treatment since August.  (*Id.* ¶¶ 73-75.)  Shively asserts, however, that his grievances regarding the lack of follow-up treatment "basically got nowhere." (*Id.* ¶ 77.)

A December 2, 2024, kite response from the healthcare unit indicates that Shively had an "upcoming appointment with MP scheduled." (*Id.* ¶78, Exhibit, PageID.65-66.)  And a December 11, 2024, grievance response indicates that a cystoscopy appointment was canceled by Capital Urology when Shively "refused the cystoscopy and insisted [he] get the BCG treatments.  Capital Urology communicated that they no longer wish to treat the grievant due to refusal and asked that care be transferred fully to Henry Ford Allegiance.  The grievant will require a consultation with HFA urology prior to any further treatments." (*Id.* Exhibit, PageID.68.)  Another December 12, 2024, grievance response by Defendant HUM King indicates that Shively refused the cystoscopy and therefore his treatment would have to be transferred to Henry Ford.  (*Id.* ¶¶ 80-82.)

Contrary to these representations in the records, however, Shively claims that he never refused treatment.  (*Id.* ¶¶ 83, 88.)  Shively explains that on October 29, 2024, he merely expressed concerns in a kite about receiving a second cystoscopy because of the poor post-procedure care after the first procedure.  (*Id.*

6

¶ 84.)  Shively states that there had been an agreed treatment plan made with non-defendant NP Gdowski that involved receiving the BCG treatments prior to a cystoscopy.  (*Id.* ¶¶ 86-87.)

This is apparently where the matter stands. Shively asserts that as of December 26, 2024, he still has received no treatment for his condition which could eventually become life threatening if left untreated.  (*Id.* ¶¶ 89-90, 101.)

Shively asserts that all the named Defendants therefore have been acting with deliberate indifference to his serious medical condition as he has received no treatment for his cancer or adequate post-procedure care following the first cystoscopy.  (*Id.* ¶¶ 96-100, 103-04.)

III

Shively claims that Defendants have violated his right under the Eighth Amendment to be free from deliberate indifference to a serious medical need.  To state such a claim, Shively must plead facts in support of two elements.  He must show: (1) that he had a serious medical need, and (2) that each Defendant, being aware of that need, acted with deliberate indifference to it.  *See Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

The complaint fails to make any factual allegations at all against four of the named Defendants.  Plaintiff names among the Defendants: Kirk Ray, Administrator of McClaren Hospital in Lansing; Viola Riggins, CEO Vital Core Health Strategies; Sandra Maes, MDOC Bureau of Healthcare Director; and Marti

7

Kay Sherry, MDOC Bureau of Healthcare Administrator. Yet, other than listing their identities in the complaint, Shively makes no factual allegations at all against these four Defendants. These four Defendants are therefore dismissed from the complaint for Shively's failure to state a claim against them.[2]

Another three Defendants are dismissed for Shively's failure to state an Eighth Amendment claim against them because Shively fails to allege facts showing that they personally acted with deliberate indifference to a serious medical need. Plaintiff names as Defendants Mark King, HUM; Dr. James Howard, Capital Urology Associates; and Mr. Derry, MDOC transportation officer. King is alleged in the complaint only to have reviewed and denied Shively's grievances about the lack of care. Dr. Howard is alleged only to have performed the first cystotomy and ordered follow-up care. Derry is alleged only to have been the corrections officer who transported Shively to the first procedure.

The complaint fails to allege facts indicating that any of these three Defendants acted with deliberate indifference to Shively's medical condition. Derry is a transportation officer, he had nothing to do with Shively's medical care. Nor does Shively allege that Derry was even aware of the nature of his condition, let alone that he acted in a way that was deliberately indifferent to it.

---

[2] Defendants Ray and Riggins are also dismissed from the action because they appear to be private actors, and Shively does not assert that they acted under the color of state law. *See Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021).

With respect to King, the failure to investigate another person's alleged unconstitutional conduct "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992). King's review and denial of Shively's grievance is therefore not actionable. Nor does Shively assert facts indicating that King was directly involved in Shively's care or the alleged failure to schedule or provide follow-up care.

As for Dr. Cooper, Shively does not allege that he acted with deliberate indifference to his condition. Cooper performed the required procedure and ordered follow-up care. There is no allegation in the complaint that the first procedure or discharge plan rose to the level of deliberate indifference to Shively's condition. Dr. Cooper is dismissed for the additional reason that he is a private physician, and Shively does not allege that he was acting under the color of state law. *Phillips*, 14 F.4th at 533.

This leaves two named Defendants: RN Brian Stricklin, and NP Stacy Lindhal. Construing Shively's pro se pleading liberally, he asserts that Stricklin was deliberately indifferent to his post-procedure complications and catheter issues by ignoring Dr. Howard's post-procedure care instructions. (Complaint, ECF No.

9

1, ¶¶ 55-56.)  He also claims that Stricklin falsely asserted that Shively refused treatment with respect to the second cystotomy.  (*Id.* ¶¶ 80-83, 88.)  Accepting as true the allegation that Striklin falsely claimed that Shively refused treatment so as to result in the cessation or delay of treatment – this could constitute an act performed in deliberate indifference to a serious medical condition.

Finally, interpreting the pro se pleading indulgently, Shively asserts that Lindahl was the provider at his facility who was tasked with but failed to fill the post-procedure prescriptions in deliberate indifference to his condition.  (*Id.* ¶ 64, Exhibit, PageID.52.)  At this early stage of proceedings, the Court will therefore allow Shively's Eighth Amendment claims to proceed against Defendants Stricklin and Lindahl.

## IV

Under 42 U.S.C. § 1915(e)(2), the complaint is therefore **DISMISSED** with respect to Defendants Kirk Ray, Viola Riggins, Sandra Maes, Marti Kay Sherry, Mark King, Dr. James Howard, and Mr. Derry.

The case will proceed on Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Brian Stricklin, and Stacy Lindhal.

**SO ORDERED**.

Date: January 31, 2025          s/F. Kay Behm
                                F. Kay Behm
                                United States District Court

10