UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEE SHIVELY,

    Plaintiff,

v.

BRIAN STRICKLIN, *et al.*,

    Defendants.

Case No. 25-cv-10115
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NO. 14)**

### I.    Introduction

Plaintiff Gordon Lee Shively, a pro se prisoner of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging that Defendants Brian Stricklin and Stacy Lindahl were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. ECF No. 1. The Honorable F. Kay Behm dismissed claims against seven other defendants, including Dr. James Howard and Officer Derry. ECF No. 4. Judge Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 10.

Shively moves for leave to amend his complaint to add allegations supporting his Eighth Amendment claims against Dr. Howard and Derry and to add a First Amendment retaliation claim against Stricklin. ECF No. 14. The Court **GRANTS IN PART AND DENIES IN PART** the motion.

## II.   Background

Judge Behm thoroughly summarized the factual allegations of Shively's complaint in her January 2025 order. ECF No. 4. In relevant part, Shively alleges that he was diagnosed with a malignant tumor on his bladder. *Id.*, PageID.86. In August 2024, Derry, a transport officer, drove Shively to the hospital where Dr. Howard surgically removed the tumor. *Id.* Just after the surgery, Derry transported Shively back to the prison. *Id.*

Shively allegedly received inadequate post-operative care at the prison, as Dr. Howard's instructions were ignored. *Id.*, PageID.86-88. Shively grieved the failure to follow Dr. Howard's orders, and Stricklin allegedly responded that the healthcare unit did not have to follow recommendations from an off-site provider. *Id.*, PageID.87. Although other doctors recommended further treatment, Shively alleges he has received no care since August 2024. *Id.*, PageID.88-89. Shively alleges that Stricklin falsely asserted that Shively refused the recommended treatment, which led to the termination of further treatment. *Id.*, PageID.93.

Judge Behm dismissed the Eighth Amendment claim against Dr. Howard, reasoning that Shively failed to allege how Dr. Howard's care was inadequate. *Id.*, PageID.91. *Id.* Judge Behm also dismissed the claim against Derry because he "had nothing to do with Shively's medical care" and was not alleged to have any knowledge of Shively's condition. *Id.*

### III. Analysis

#### A.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court

3

explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Shively seeks to add factual allegations to reinstate his Eighth Amendment claims against Dr. Howard and Derry.  The Eighth Amendment protects against the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).  Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," and thus violates the Eighth Amendment.  *Estelle*, 429 U.S. at 103-04.  But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation.  *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).  "A constitutional violation arises only when a prison official exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error.  *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective component, Shively must allege facts

5

showing that defendants' acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

The proposed amended complaint alleges that Dr. Howard ordered that Shively remain in the hospital overnight after his surgery. ECF No. 14, PageID.141. But Shively claims that Dr. Howard was deliberately indifferent by failing to ensure that his order was followed. *Id.* Shively was allegedly forced out of the hospital, resulting in a serious urinary tract infection and other complications. *Id.*

These allegations are futile. Shively does not allege that Dr. Howard provided inadequate treatment and admits that Dr. Howard ordered that he remain in the hospital overnight. Shively has pleaded no facts showing that Dr. Howard disregarded a known risk, as nothing suggests that Howard knew that his order would be ignored. *See Richmond v. Huq*, 885 F.3d 928, 941 (6th Cir. 2018) ("[I]t was not Dr. Huq's role to implement the

course of treatment, and there are no facts in the record to suggest that Dr. Huq was ever aware that the treatment was not being implemented as he prescribed."); *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 387 (6th Cir. 2018) ("Mirolovich's practices may well have been negligent—in that he should have taken a more active role in ensuring that North received the testing and treatment he needed—but they do not support an inference that Mirolovich disregarded a known or obvious risk of serious harm."). Shively's motion to amend his allegations against Dr. Howard is thus denied.

The proposed amended complaint alleges that Derry woke up Shively right after the surgery while Shively was in extreme pain and still groggy from the anesthesia.  ECF No. 14, PageID.142.  Derry allegedly ordered Shively to get dressed and said they were "getting the hell outta here" and that he did not care about Shively's medical condition.  *Id.*  Because Derry forced Shively out of the hospital, Shively allegedly developed a severe urinary tract infection and other complications.  *Id.*, PageID.141-142.

These allegations address Judge Behm's finding that the original complaint failed to explain Derry's role in Shively's medical care and whether Derry was even aware of the nature of the medical condition. Shively has added detail plausibly alleging that Derry knew of but

7

disregarded a risk of serious medical harm. *See Simms v. Edwards*, No. 1:22-cv-0028, 2022 WL 2134761, at *2 (E.D. Cal. Mar. 8, 2022) (the plaintiff stated a cognizable Eighth Amendment claim against transport officers who forced him back to the prison right after nose surgery despite his grogginess from anesthesia, difficulty breathing, and extreme pain). Shively may amend his complaint to add these allegations against Derry.

Last, Shively seeks to add a retaliation claim against Stricklin. ECF No. 14, PageID.140, 144-145, 147. To state a plausible retaliation claim, Shively must allege that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Shively's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Sixth Circuit imposes a "high burden" for the third factor; there must be some evidence of retaliatory motive, and conclusory allegations are insufficient. *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010).

Shively alleges that he filed a grievance against Stricklin about his post-operative care. ECF No. 14, PageID.144, 168. Stricklin allegedly retaliated against Shively for that grievance by falsely stating in a grievance

8

response that Shively refused medical treatment.  *Id.*, PageID.145, 147.  Stricklin's alleged lie caused the urology specialists to decline Shively as a patient and request that he be transferred to another hospital.  *Id.*, PageID.145.  The lie also allegedly resulted in the termination of all further treatment.  *Id.*

Filing grievances is protected activity.  *Rodgers v. Hawley*, 14 F. App'x 403, 410 (6th Cir. 2001).  And "[i]nterfering with a prisoner's medical treatment may constitute adverse action that would deter a prisoner of ordinary firmness from exercising his right to speak out."  *Jones v. Mathai*, No. 06-11925, 2008 WL 2570776, at *9 (E.D. Mich. June 24, 2008).  Shively has plausibly alleged that Stricklin falsely stated that Shively refused treatment in retaliation for the September 2024 grievance.  He may amend his complaint to add a retaliation claim against Stricklin.

## IV.    Conclusion

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Shively's motion to amend (ECF No. 14).  The Court accepts in part Shively's proposed amended complaint as the new operative complaint.  ECF No. 14, PageID.140-174.  His Eighth Amendment claim against Derry is reinstated, and he may add the First Amendment retaliation claim against

9

Stricklin.  But the Court rejects Shively's allegations and claim against Dr. Howard.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 3, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager