UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GORDON LEE SHIVELY,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN STRICKLIN, *et al.*,<br><br>Defendants. | Case No. 25-cv-10115<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND (ECF NO. 19)**

I.   **Introduction**

Plaintiff Gordon Lee Shively, a pro se prisoner of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging that Defendants Brian Stricklin, Stacy Lindahl, and Officer Derry were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, and that Stricklin retaliated against him in violation of the First Amendment.  ECF No. 14.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 10.

In April 2025, the Court granted in part Shively's motion to amend his complaint. ECF No. 15. The Court reinstated Shively's Eighth Amendment claim against Derry and permitted him to add a retaliation claim against Stricklin. *Id.* But the Court rejected Shively's allegations against Dr. Howard. *Id.*

Shively moves for a second time for leave to amend his complaint. ECF No. 19. The Court **GRANTS** the motion.

## II. Background

In August 2024, Derry, a transport officer, allegedly drove Shively to the hospital where Dr. Howard surgically removed a malignant tumor from his bladder. ECF No. 14, PageID.141. While Shively was still recovering from the anesthesia and despite Dr. Howard's order that Shively remain in the hospital overnight, Derry allegedly forced Shively to return to the prison. *Id.*, PageID.141-142.

Stricklin and Lindahl allegedly provided Shively inadequate post-operative care at the prison, as Dr. Howard's instructions and orders for medication were ignored. *Id.*, PageID.141-142, 146. Shively grieved the failure to follow Dr. Howard's orders, and Stricklin allegedly responded that the healthcare unit did not have to follow recommendations from an off-site provider. *Id.*, PageID.143-144. Although other doctors recommended

further treatment, Shively alleges he received no care. *Id.*, PageID.144, 148. Shively alleges that Stricklin falsely asserted that Shively refused the recommended treatment, which led to the termination of further treatment. *Id.*, PageID.145.

### III.   Analysis

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Shively merely seeks to make his operative complaint consistent with the April 2025 order granting in part his last motion to amend.  The proposed amended complaint eliminates the claims and pleadings against

4

Dr. Howard while maintaining the permitted claims against Stricklin, Lindahl, and Derry.  See ECF No. 20.  These amendments are unobjectionable.  And although Stricklin and Lindahl have appeared in the action, they did not oppose Shively's motion.

## IV. Conclusion

Thus, the Court **GRANTS** Shively's second motion to amend (ECF No. 19).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 29, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager