UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEE SHIVELY,

Plaintiff,

v.

BRIAN STRICKLIN, *et al.*,

Defendants.

Case No. 25-cv-10115
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
(ECF NO. 47)

### I.     Introduction

Plaintiff Gordon Lee Shively, a pro se prisoner of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983 against Defendants Brian Stricklin, Stacy Lindahl, and Allan Derry.  ECF No. 20.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 10. Shively moves to compel defendants' responses to his discovery requests and for sanctions for their failure to provide adequate responses.  ECF No. 47.  The Court **DENIES** the motion.

## II.      Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Under Rule 26(b)(1), "[t]he parties and courts share the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio, Oct. 7, 2010).

### B.

Shively argues in conclusory terms that defendants' discovery responses are incomplete, evasive, and vague.  ECF No. 47, PageID.399-

2

400.  Although Shively attaches 26 pages of defendants' discovery responses to his motion, he fails to identify the responses that are allegedly deficient.  The Court will not "inappropriately micromanage the discovery in this case by scrutinizing, critiquing, and dictating the content of individual discovery requests and the responses thereto."  *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 1:14 CV 549, 2015 WL 13839455, at *2 (N.D. Ohio May 1, 2015); *see also State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2020 WL 12763079, at *2 (E.D. Mich. July 19, 2020).

Nor does Shively's motion to compel address the applicable legal standards.  He does not analyze the relevance or proportionality of the discovery requests under Rule 26(b) or engage with defendants' objections and responses to explain why they are deficient.  Instead, Shively makes conclusory arguments and appears to expect the Court to supply the legal analysis for him.  But "tak[ing] his factual assertions, and mold[ing] them into a plausible legal argument...is beyond the purview of the court's judicial role and can result in the subversion of the court's neutrality."  *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("Requiring district court to advise pro se litigants...would undermine district judges' role as impartial

decisionmakers.").  And because Shively fails to support his requests for relief with legal analysis, he waives any right to the requested relief.  *See Cockrun v. Berrien Cnty., Mich.*, 101 F.4th 416, 419 (6th Cir. 2024) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  (cleaned up)).

Shively's only argument that is sufficiently specific is that Stricklin and Derry incorrectly stated that he is incarcerated.  ECF No. 47, PageID.400.  In response to several requests for production of his medical records, Stricklin and Derry responded, "As an incarcerated individual, the Plaintiff must follow appropriate department procedures for obtaining a copy of his own medical records which he can obtain at any time, even outside of litigation."  *See* ECF No. 47, PageID.433-434, 436-437.  They advised Shively to follow Michigan Department of Corrections Policy Directive 03.04.108 and to submit a request by completing and sending form CHJ-121 to the health information manager.  *Id.*

But Shively was paroled in November 2025.  ECF No. 49-2, PageID.462.  Stricklin and Derry acknowledge that they mistakenly believed that Shively was still incarcerated.  ECF No. 49, PageID.457.  They also explain that parolees still must submit form CHJ-121 to the health information manager and detail the instructions for obtaining and

4

submitting the form.  *Id.*  Shively does not explain why this explanation is inadequate.  Discovery does not close until June 29, 2026, so Shively has ample time to obtain these records as directed.  *See* ECF No. 44.

### III.   Conclusion

Thus, the Court **DENIES** Shively's motion to compel (ECF No. 47).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 28, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

6